UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD K. DEMBRY,

                Petitioner,                Civil No. 1:13-CV-10991
                                                  Honorable Thomas L. Ludington

v.

J. A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND
DECLINING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Edward K. Dembry, a federal inmate, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons which follow, Petitioner is not entitled to the relief he seeks.

**I**

Petitioner was convicted in the United States District Court for the Southern District of Iowa of being a felon in possession of ammunition. On May 24, 2007, he was sentenced to 265 months in prison.

Dembry then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The district court denied the motion in 2009. *Dembry v. United States*, No. 4:09-cv-0358 (S.D. Iowa Oct. 19, 2009). Petitioner filed a request for a certificate of appealability in the Eighth Circuit Court of Appeals, which was denied. *Dembry v. United States,* No. 09-3953 (8th Cir. May 28, 2010).

Dembry then filed the pending § 2241 petition, asserting two claims. First, the sentencing court violated his rights under the Fifth, Sixth, and Fourteenth Amendment by

enhancing his sentence based on a felony conviction in which Petitioner was not represented by counsel. And second, trial counsel was ineffective for failing to raise a Fourth Amendment claim.

## II

The Sixth Circuit instructs that "claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 755, 756–57 (6th Cir. 1999).

Here, Petitioner's claims challenge his conviction and the imposition of his sentence. The claims are properly filed in the sentencing court pursuant to § 2255, not in this Court pursuant to § 2241.

The "savings clause" of § 2254 does not alter this conclusion. The text of that clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis supplied). But, the Sixth Circuit cautions, the circumstances under which § 2255 might be deemed "inadequate" are "narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

"A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or

-2-

successive motion to vacate." *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

Here, Petitioner does not assert any specific argument as to why his petition falls under § 2255's savings clause. And the sentencing court's denial of his § 2255 motion does not render such relief inadequate or ineffective.

The Court finds that the petition is a collateral attack on the petitioner's sentence and not on its execution, that should have been brought under § 2255. The petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his detention and, therefore, he is not entitled to bring a § 2241 petition.

Additionally, the Court certifies that any appeal by Petitioner would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell*, 157 F. Supp. 2d at 802. As this is the case, the Court will not grant Petitioner a certificate of appealability or *in forma pauperis* status should he seek to appeal this order.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that the Court **DECLINES** to grant Petitioner *in forma pauperis* status.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: May 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Edward Dembry, #08197-030 at Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160 by first class U.S. mail on May 22, 2013

                                   s/Tracy A. Jacobs
                                   TRACY A. JACOBS